Matter of Branco (2021 NY Slip Op 02151)





Matter of Branco


2021 NY Slip Op 02151


Decided on April 7, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2020-00806

[*1]In the Matter of Davis Branco, an attorney and counselor-at-law. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Davis Branco, respondent. (Attorney Registration No. 5153150)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on August 14, 2013.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On May 26, 2020, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent, as authorized pursuant to Judiciary Law § 90(6), by means of substituted service, with a notice of petition and a verified petition, both dated December 10, 2019, and duly filed those papers with this Court together with an affidavit of service.
The petition contains one charge of professional misconduct alleging that the respondent has failed to cooperate with the Grievance Committee in its three investigations of the respondent's professional misconduct, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has not filed an answer to the verified petition nor requested additional time in which to do so.
The Grievance Committee now moves to deem the charge against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. The motion papers were served on June 22, 2020, upon the respondent as authorized pursuant to Judiciary Law § 90(6), by means of substituted service. To date, the respondent has neither opposed the instant motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charge against the respondent established based upon his default is granted, the charge in the verified petition is deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and LASALLE, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charge against the respondent, Davis Branco, established based upon his default is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Davis Branco, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Davis Branco, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Davis Branco, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Davis Branco, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court